# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0881V
**Filed: May 7, 2018**
UNPUBLISHED

|  |  |
|---|---|
| DAVID PROKOPCHUCK,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his September 5, 2013 influenza ("flu") vaccination. Petition at 1. On February 15, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 38).

On April 26, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 47.)   Petitioner requests attorneys' fees in the amount of $27,354.55 and attorneys' costs in the amount of $834.84. *Id.* at 1. Additionally, in accordance with

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

General Order #9, petitioner's counsel represented that petitioner incurred $125.78 in out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $28,315.17.

On April 27, 2018, respondent filed a response to petitioner's motion. (ECF No. 48). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned finds it necessary to reduce the hourly rate for attorney, Kayleigh Smith. Ms. Smith billed at an hourly rate of $207.00 for her work performed in 2017 and $215 for work performed in 2018[3]. The undersigned finds the rate of $215 an hour appropriate for work billed in 2018. However the rate of $207 for 2017 exceeds the rate previously awarded for Ms. Smith for work performed in 2017. *See Holloway v. Sec'y of Health & Human Services,* No.16-0919V, 2018 U.S. Claims LEXIS 122 (Fed. Cl. Spec. Mstr. January 17, 2018). As is consistent with other cases in this program, Ms. Smith's rate is reduced to $150.00 per hour for her time billed in 2017. This results in a reduction of fees requested by $1,539.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** in part petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,776.17[4] as follows:**

- **A lump sum of $26,650.39, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Sean Franks Greenwood; and**

---

[3] Ms. Smith billed 27 hours for work performed in 2017 at an hourly rate of $207 and 12.25 hours for work performed in 2018 at an hourly rate of $215.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $125.78, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.